093032CGW

FRANCISCO IUDICE and
ANDREA IUDICE,

    Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,
a Foreign Corporation,

    Defendant.

_____/

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:    6:09-cv-1632-Orl-35GJK

## COMPLAINT

Plaintiffs, FRANCISCO IUDICE and ANDREA IUDICE, hereby sue Defendant, LEXINGTON INSURANCE COMPANY, a Foreign Corporation, and states as follows:

1.    This is an action for breach of contract with damages greater than Fifteen Thousand Dollars ($15,000), exclusive of interest, costs, and attorneys' fees.

2.    At all times material hereto, Plaintiffs, FRANCISCO IUDICE and ANDREA IUDICE, were individual residing in Orange County, Florida, and owners of real property located at 2940 Sunbittern Court, Windermere, Florida.

3.    At all times material hereto, Defendant, LEXINGTON INSURANCE COMPANY, was and is a surplus lines insurance company licensed and authorized to do business and doing business in the state of Florida with agents for the transaction of business in Orange County, Florida.

4.    Jurisdiction and venue are proper in Orange County, Florida.

5.    All conditions precedent to the initiation and prosecution of this lawsuit have been performed, have occurred or have been waived.


EXHIBIT Composite A

## COUNT I
## BREACH OF CONTRACT

Plaintiffs reallege and incorporates by reference paragraphs 1 through 5 above as if fully set forth herein:

6.  On or about November 4, 2008, Plaintiffs' home located at 2940 Sunbittern Court, Windermere, Florida 34786 (the "Home") sustained damages as a result of fire.

7.  At said time and place, Plaintiffs' home was insured under a policy of insurance issued by Defendant, bearing upon information and belief, policy number 7898483 (herein after referred to as "the Insurance Policy"). Defendant is in possession of a complete copy of said policy.

8.  The Insurance Policy provided for benefits for damage caused to the Plaintiffs' dwelling, other structures, debris removal, personal property and for the loss of use of said property as a result of a covered loss.

9.  Plaintiffs timely notified Defendant of the loss and otherwise performed all conditions precedent to entitle Plaintiffs to coverage and benefits under said policy of insurance and Defendant agreed same was a covered loss.

10.  Despite demand for payment, Defendant, LEXINGTON INSURANCE COMPANY, has failed and refused to pay benefits necessary to repair the Plaintiff's home, repair or replace damaged contents and provide alternative accommodations while the home is not fit to live in.

11.  The subject policy of insurance constitutes a written contract.

12.  By failing to pay for the Plaintiffs' loss, Defendant has breached the contract of insurance.

13.  Plaintiffs have been damaged as a result of the Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs and attorney's fees.

14.     As a result of Defendant's breach of contract, Plaintiffs have been required to retain the services of the undersigned counsel for the purposes for prosecuting this action and has agreed to pay counsel a reasonable fee for his services.

15.     Plaintiffs are entitled to recover attorney's fees and costs under Section 627.428, Florida Statutes.

WHEREFORE, Plaintiffs, FRANCISCO IUDICE and ANDREA IUDICE, request the court to enter Final Judgment in favor of the Plaintiffs and against Defendant, LEXINGTON INSURANCE COMPANY for the full amount of Plaintiffs' damages for structural damages, damage to contents, and damages for loss of use, and awarding the Plaintiffs interest, attorney's fees and costs pursuant to Florida Statutes Section 627.428, and whatever other relief the court deems appropriate.

## COUNT II
## DECLARATORY JUDGMENT

Plaintiffs reallege and incorporates by reference paragraphs 1 through 6 above as if fully set forth herein:

16.     Plaintiffs' right to recover benefits under the insurance policy is dependent on a declaration of facts, or the law applied to the facts of this dispute.

17.     Plaintiffs and Defendant have an actual, present adverse interest in the subject matter of the declaration requested, either in fact or law.

18.     The relief sought is not seeking an advisory opinion from the Court.

WHEREFORE, the Plaintiffs seeks a declaration finding that:

A)  The Defendant breached its contract with Plaintiffs;

B)  That Defendant breached its contract with Plaintiffs by failing to pay all covered benefits due to Plaintiffs; and

C)  Plaintiff is entitled to recover attorney's fees and costs incurred in bringing this declaratory judgment.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO
TRIABLE.

Respectfully submitted this 26th day of August, 2009.

_____
MICHAEL D. CERASA, ESQUIRE
Florida Bar No. 0015085
Colling Gilbert Wright & Carter
The Florida Firm
801 N. Orange Avenue, Suite 830
Orlando, FL 32801
(407) 712-7300
(407) 712-7301 - Facsimile
Attorneys for Plaintiffs

MDC/mdc